**William WARREN, Plaintiff,**

v.

**The HEALTH AND WELFARE FUND OF the CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS, Defendant.**

Civ. A. No. 86–325–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 4, 1990.

Thomas W. Herman, Stewart R. Brown, Westmoreland, Patterson & Moseley, Macon, Ga., for plaintiff.

A.O. Bracey, III, Michael J. King, Somers & Altenbach, Atlanta, Ga., Francis J. Carey and Catherine Fuller, Cent. States Legal Dept., Cent. States S.E. and S.W. Areas Pension Fund, Chicago, Ill., for defendant.

ORDER

OWENS, Chief Judge.

Before the court is defendant's motion for summary judgment. Having considered the record, the relevant authority and the briefs filed by the parties, the court now issues the following order.

UNDISPUTED MATERIAL FACTS

Defendant has established the following undisputed material facts by affidavit of Albert E. Nelson, Benefits Director of Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds.

The Pension Plan is a trust qualified pursuant to the Internal Revenue Code and is regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*, ("ERISA"). The Pension Fund was established to provide pension benefits primarily to union employees whose employers had agreed through a collective bargaining agreement to contribute monies to the Pension Fund.

The Pension Fund is administered by an eight-member Board of Trustees—four trustees representing employees and four representing employers. Pursuant to their authority to manage and direct the Pension Fund, the trustees adopted the Central States, Southeast and Southwest Areas Pension Plan (the "Pension Plan"), a pension plan which provides for different kinds and levels of benefits. The Pension Plan governs the terms and conditions of payment of benefits from the Pension Fund to participants and dependents.

The Pension Plan that was in effect at the time of plaintiff's disability provides in relevant part:

Section 4.06: Disability Pension Benefit.

A Participant who sustains a total and permanent disability as hereinafter defined:

(1) prior to his 62nd birthday; and

(2) after completion of 10 years of Credited Service (as defined in Section 3.03) if at least 35 weeks of contributions to the Pension Fund have been made on behalf of the Participant during each of 5 calendar years of Covered Employment, or at least 225 weeks of contributions have been made or were required to have been made to the Pension Fund on his behalf under a Collective Bargaining Agreement providing for contribution in amounts at least equivalent to those required for contribution Class 4 or above.

shall be eligible for a Disability Pension Benefit under this Plan if he is entitled to disability benefits payable under Title II of the Social Security Act (as evidenced by a Certificate of Social Insurance Award)....

Section 4.07: Lump Sum Disability Benefit.

(a) A Participant who sustains a total and permanent disability (as defined in Section 4.06) shall be eligible to receive a Lump Sum Disability Benefit in lieu of a Disability Pension Benefit if:

(1) his Disability commenced on or after his 45th birthday; and

(2) he has completed 10 years of Credited Service (as defined in Section 3.03), in which at least 35 weeks of contributions were made or were required to have been made to the Pension Fund on his behalf during each of 5 calendar years or at least 225 weeks of contributions were made or were required to be made to the Pension Fund on his behalf.

On September 1, 1983, plaintiff filed a claim for a Monthly Disability Benefit. On October 19, 1983, plaintiff's claim was denied for the following reasons: (1) plaintiff was not eligible for disability benefits from the Social Security Administration; (2) plaintiff did not have at least 35 weeks of contributions in each of five years or 225 weeks of total contributions; and (3) plaintiff did not have 10 years of service credit. On November 13, 1984, plaintiff refiled a claim for a Monthly Disability Benefit after he became eligible for disability benefits from the Social Security Administration. In a March 27, 1985, letter, plaintiff was again advised that he was not eligible for a Monthly Disability Benefit because he did not meet the service credit or contribution requirements for the Monthly Disability Benefit.[1]

Subsequently, in letters dated July 23, 1985, and January 3, 1986, plaintiff was advised by Pension Fund staff that to meet the minimum service requirements he should make self-payments. On January 13, 1986, plaintiff made self-payments in the amount of $398.00. However, on March 20, 1986, plaintiff was advised by letter from the Pension Fund that the self-payments of $398.00 he made would not make him eligible for a Monthly Disability Benefit because the benefit class he was under was not at least Benefit Class 4 as required by Section 4.06 of the Pension Plan. The self-payments were refunded to plaintiff with 5.5% interest.

---

1. The contribution requirements referred to in the March 27, 1985, letter from the Pension Fund refer to the requirements that a claimant have at least 35 weeks of contributions in each of five years or 225 weeks of total contribution, not to the fact that the plaintiff's employer had not contributed on his behalf at contribution Class 4 or higher.

Plaintiff then filed the instant action. Upon defendant's motion, the court ordered plaintiff to exhaust his administrative remedies. Plaintiff then appealed to the Benefit Claim Appeals Committee. On August 26, 1987, the Benefit Claim Appeals Committee decided that plaintiff could not make self-payments to become eligible for a monthly disability benefit under section 4.06 because his employer, Schwerman Trucking Company, was not contributing on his behalf at benefit Class 4 or higher. The Benefit Claim Appeals Committee further decided that plaintiff could not make self-contributions to become eligible for a Lump Sum Disability Benefit under section 4.07 because he became disabled before his 45th birthday.

Plaintiff next appealed to the Board of Trustees. On October 26, 1987, the trustees determined that plaintiff was not eligible for a Monthly Disability Benefit or Lump Sum Disability Benefit because the required employer contributions relative to plaintiff's services before and at the time of his disability were lower than the contribution Class 4 minimum required under section 4.06 and because plaintiff was 35 years of age at the time he became disabled, which was lower than the age 45 minimum then established for a lump sum disability benefit under section 4.07. Having exhausted his administrative remedies, plaintiff's action now proceeds in this court.

## DISCUSSION

Pursuant to Rule 56(c), a court must grant summary judgment "if there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Under Rule 56(c), the moving party bears the initial responsibility of showing that there are no genuine issues of material fact. If the movant meets this burden the non-moving party must offer evidentiary materials to establish the actual existence of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The non-moving party may not rest upon the mere allegations or denials of the moving party's pleading, but the non-moving party's response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing there is a genuine issue for trial. See, Fed.R.Civ.P. 56(e).

In the instant case defendant has met its burden of establishing that there are no genuine issues of material fact in dispute that need to be decided by a jury. Thus, the burden has shifted to plaintiff to present evidence to establish the existence of genuine issues of material fact. Plaintiff has failed to meet its burden. As stated above, the non-moving party, in this case the plaintiff, cannot rest upon the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Plaintiff's response to defendant's motion for summary judgment is devoid of any facts to support his position that there are genuine issues of material fact to be decided by a jury. In fact, plaintiff does not dispute any facts established by the affidavit of Mr. Nelson. Plaintiff merely states that "defendant's actions regarding plaintiff's ability to make self payments raises genuine issues of material fact as to whether the defendant and its agents discharged their duties regarding plaintiff's entitlement to a disability pension, with the 'care, skill, prudence, and diligence' required by a fiduciary under the terms of Section 404(a) of ERISA." Plaintiff further alleges that genuine issues of material facts remain as to whether the actions of the defendant were arbitrary and capricious in notifying the plaintiff of his ability to make self-payments in order to qualify for a pension.

Plaintiff attempts to support his position by pointing to the fact that defendant had reviewed and rejected two claims for disability pension benefits made by the plaintiff prior to notifying him that he could make self payments in order to meet the minimum service requirements specified in section 4.06. What plaintiff is really contending is that if defendant had investigated plaintiff's claim more carefully they would have discovered that plaintiff's employer had not been contributing on his behalf at contribution Class 4 or higher and

would not have led plaintiff to believe that he could qualify for a disability benefit by making self-payments. Therefore, since the defendant notified plaintiff that he could meet the minimum service requirements for a disability pension by making self-payments, defendant should now be estopped from denying him a disability benefit. Plaintiff's argument is without merit.

■■■ The common law doctrine of estoppel cannot be used to alter the plain terms of a pension plan. See *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986). Nor may benefits be enforced according to letters that are inconsistent with the terms of a written pension plan. *Johnson v. Central States, Southeast and Southwest Areas Pension Funds*, 513 F.2d 1173, 1174–75 (10th Cir.1975). Thus, the letters sent to plaintiff informing him that he could meet the minimum service requirements by making self-payments cannot be used to vary the terms of the pension plan. Nor can a mere mistake on the part of the defendant's agents be used to shoehorn plaintiff into a disability benefit to which he was not entitled under the plain language of the pension plan.

"A central policy of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans." *Nachwalter*, at 960, citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). To allow plaintiff a disability benefit to which he is clearly not entitled, based upon the letters advising him that he could make self-payments in order to meet the minimum requirements for a disability benefit would be in direct conflict with the goal expressed above. As the Eleventh Circuit Court of Appeals stated in *Nachwalter*, "... employees would be unable to rely on these plans if their expected retirement benefits could be radically affected by funds dispersed to other employees pursuant to oral agreements." *Nachwalter*, at 960. Although *Nachwalter* involved an oral agreement, the court finds that the same result should apply in a case involving letters which are inconsistent with the terms of a written pension plan.

Consequently, the court finds that the defendant did not act in an arbitrary or capricious manner in the handling of plaintiff's application or breach any fiduciary duties it may have owed to plaintiff. For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

SO ORDERED.