[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10591
Non-Argument Calendar

_____

D. C. Docket No. 03-00293-CV-WDO-5

WILLIAM L. WARREN,

Plaintiff-Appellant,

versus

JACK SCHWERMAN,
SCHWERMAN TRUCKING COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 31, 2005)

Before ANDERSON, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff William Warren, proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants Jack Schwerman and Schwerman Trucking Company, in his civil action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, alleging that the defendants discriminated against him by failing to make contributions to a pension plan in accordance with a contract under which he worked. For the following reasons, we affirm.

## I. Background

Warren was employed by defendant Schwerman Trucking Company from approximately November 3, 1970 through August 2, 1982. Warren was a participant in a pension fund established pursuant to a collective bargaining agreement entered into between a union and Schwerman Trucking Company. Between September 1983 and November 1984, Warren filed various claims with the pension plan for a monthly disability benefit. After pursuing these claims without success through the various stages of administrative review, in October 1986, Warren filed a lawsuit against the pension plan, seeking to recover the benefits.[1] In that case, the district court granted summary judgment in favor of the pension plan, finding that "the defendant did not act in an arbitrary or capricious

---

[1] This case was Warren v. The Health and Welfare Fund of the Central States Southeast and Southwest Areas, 752 F. Supp. 452 (M.D. Ga. 1990).

manner in the handling of plaintiff's application or breach any fiduciary duties it may have owed to plaintiff." In July 1993, Warren moved to re-open his October 1986 complaint, on the basis that he discovered new evidence that his employer, Schwerman Trucking Company, had failed to properly contribute to the plan. The court denied the motion.

About ten years went by and, in September 2003, Warren filed the instant action, again alleging that his employer improperly contributed to the plan. The defendants answered and moved for judgment on the pleadings under Fed.R.Civ.P. 12(c), or alternatively, for summary judgment. Because Warren filed documents outside of the pleadings, the court converted the motion to dismiss into one for summary judgment and notified the parties. Subsequently, the district court granted summary judgment in favor of the defendants. Warren now appeals.

## II. Standard of Review

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

3

judgment as a matter of law." Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

## III.  Discussion

Warren offers little argument explaining how the district court erred, but we are mindful of his pro se status and, therefore, we address the merits of his claims. In doing so, we conclude that, for several reasons, summary judgment was proper in this case.  First, Warren brought this action pursuant to Title VII, but he fails to allege that he was discriminated against on the basis of his membership in a protected class.  Title VII provides redress for employment discrimination based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-02 (1973).  Warren does not, however, allege discrimination based on race, color, religion, sex, or national origin.  Thus, he fails to sufficiently allege a discrimination claim.[2]

Although Warren filed his claim under Title VII, his argument really involves an alleged breach of contract claim in which he contends that the

_____

[2] Notably, the complaint form that Warren used to file his lawsuit enabled him to identify whether his claim was based on discrimination on account of race, religion, sex, and/or national origin.  Warren did not select any of these categories.  Even if we were to assume that his complaint sufficiently alleged a discrimination claim, his Title VII claim fails for another reason; he did not exhaust his administrative remedies.  As a prerequisite to filing a Title VII suit, an employee must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the statutory time period.  42 U.S.C. § 2000e-5(b),(f); Wilkerson v. Grinell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  Warren failed to do so, thus barring any Title VII claim he may have had.  See Wilkerson, 270 F.3d at 1317.

4

defendants failed to pay into the pension as required by the contract.[3] Any breach of contract claim that Warren may have, however, is preempted by the Employment Retirement Income Security Act, 29 U.S.C. § 1001 ("ERISA"). 29 U.S.C. § 1144(a); Hobbs v. Blue Cross Blue Shield of Alabama, 276 F.3d 1236, 1240 (11th Cir. 2001); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-54 (1987).

Therefore, Warren's only appropriate avenue of relief was to seek benefits due under the plan pursuant to ERISA. The problem for Warren is that any ERISA claim he may have had is now barred by the statute of limitations. In an ERISA action, we apply the limitations period from the state in which the action is brought. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999). Because this action was brought in Georgia, the applicable statute of limitations is six years. Id. at 1241; O.C.G.A. § 9-3-24. In addition, a cause of action accrues when the plaintiff knew or should have known of the injury. Bowling v. Founders Title Co., 773 F.2d 1175, 1178 (11th Cir. 1985). At the latest, Warren knew about his injury in July 1993. At that time, Warren requested that the district court re-open his earlier case because he believed he had additional evidence that "Schwerman Trucking Co. had not paid into the fund...." Warren, however, did

---

[3] His complaint states that the defendants "failed to make contributions based on the contract that my duties fell under."

5

not file the instant action until September 2003. Thus, Warren's ERISA claim was untimely, as he failed to file his complaint within the six-year statute of limitations.

Finally, Warren argues that the district court erred in granting summary judgment because it addressed the wrong issue. He asserts that the district court should have determined whether the contract for pension benefits was legally binding. Because he did not challenge the validity of the contract in the district court, we decline to address this issue on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (stating general rule that we do not consider issues raised for the first time on appeal).

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the defendants.

AFFIRMED.