Vella Dee JOHNSON,
Plaintiff-Appellee,

v.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Defendants-Appellants.

No. 74–1377.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 23, 1975.

Decided April 7, 1975.

Maynard I. Ungerman of Ungerman, Grabel & Ungerman, Tulsa, Oklahoma (Alan M. Levy of Goldberg, Previant & Uelmen, Milwaukee, Wis., on the brief), for defendants-appellants.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The cause which is here appealed was originally an action seeking to recover a surviving widow's pension. This was allegedly derived from the employment of

her husband who had been a driver for Red Ball, Inc. and a member of Teamsters Local 523. The action was originally filed in state court and removed to federal district court for the Northern District of Oklahoma. Following a trial judgment was entered for plaintiff in the amount of $15,000. The Pension Fund is the appellant.

Under the terms of the collective bargaining agreement which covered him, the company paid $6.00 per week to the Pension Fund for each employee. At the time of Johnson's death, the company had made payments for 128 weeks, almost two and one-half years.

A booklet which was furnished to plaintiff's husband explained the pension plan (pp. 1–28) and also included the text of the plan itself (pp. 29–44). Defendant now contends that under the terms of the Plan, plaintiff's entitlement was limited to a death benefit of $320.[1] Plaintiff maintains she is entitled to a survivor benefit of $250 per month for 60 months ($15,000). Her contention is founded not on the words of the plan but on several statements in the introductory explanation of the plan which she contends are ambiguous and on a letter dated August 25, 1967 sent to Johnson by the union assistant business manager.

The plan itself is not ambiguous. It allows for monthly survivor benefits only if certain specified payments have been made into the fund for the employee. Otherwise, it limits entitlement to the death benefit. The conditions for qualification for survivor benefits are as follows:

If the employee dies after his Normal Retirement Date . . . and if such employee or pensioner dies after his last employer has made contributions on his behalf under a collective bargaining agreement providing for contributions at the rate of $7.00 per week for two years and $8.00 per week thereafter or $8.00 per week for one year, $9.00 per week for the second year, $10.00 per week thereafter, a survivor benefit shall be payable to his surviving spouse. . . .

Art. III, § 9(B).

If contributions of $7.00 and $8.00 have been made, the survivor is entitled to $250 per month; if contributions of $8.00, $9.00, and $10.00 have been made, the survivor is entitled to $300 per month.

In the explanation portion of the booklet, the *survivor* benefit is described briefly:

$135 per month payable to spouse or dependent children under 23 years of age for five months upon death of active member. $250 or $300 per month payable to spouse for balance of five years upon death of normal retirement pensioner. (Applicable only to classes of $5–$6–$7–$8 and $8–$9–$10, respectively.)

(R. 86, p. 7 of booklet).

Later the explanation recites that if death occurs after the employee becomes eligible for normal retirement, "the amount of the monthly Survivor Pension is the Normal Pension payable for 60 months to your surviving wife (or husband)." (R. 97, p. 18 of booklet). On the same page it states that the surviving wife is eligible for the pension if the last employer contributed "under an agreement providing for payments of $5–$6–$7–$8 or $8–$9–$10 over a three year period."

The letter relied on is that of August 1967 to Johnson from Nye, the assistant business manager, which stated that the $6 per week payment would entitle each employee to a pension of $250 per month for five years and $110 per month thereafter.[2] According to the booklet explanation, payments by the employer of $5–$6–$7–$8 per week over a three year

---

1. A check, dated April 5, 1972, in the amount of $320 was tendered to Mrs. Johnson, but she refused it.

2. Nye admitted at the trial that he "goofed" in including a description of the pension in his letter. It had always been his understanding that interpretation of the benefits would be left to the Pension Fund.

period entitle the employee to the pension Nye said would be available. The Plan provision makes clear that $6 per week is not sufficient for the $250 per month pension. The Nye letter says nothing about survivor benefits.

At the trial Mr. Murtha, the administrator of pension benefits, testified that the Trustees of the Fund have never granted a survivor benefit where the employer only contributed $6 per week. He also testified that any amendments to the plan had to be approved by the Internal Revenue Service.

Plaintiff contends that she is entitled to rely on the general description of the plan contained in the introductory pages of the booklet her husband received at the plan's inception. She further contends that this description is ambiguous and that the ambiguities ought to be resolved strictly against the scrivener. The trial court accepted these contentions and held that the payment of $6.00 per week by her husband's employer placed her in the "$5–$6–$7–$8" category which provided for survivor benefits of $250 per month for 60 months.

■ This holding is clearly erroneous. Unfortunately for plaintiff, neither the plan nor its description is ambiguous. The first mention of survival benefits occurs at the front of the booklet under the heading "your pension in brief." The description states that the survivor benefit is applicable "only to classes of $5–$6–$7–$8 and $8–$9–$10, respectively." Immediately adjacent to this is a description of the lump sum benefit, which is applicable "to all classes other than $5–$6–$7–$8 and $8–$9–$10." The descriptive portion of the booklet does not precisely delineate the composition of these two classes, but the plan itself (which follows the description) is explicit in this regard. It declares that survivor benefits are payable only if the employer contributed "$7.00 per week for two years and $8.00 per week thereafter or $8.00 per week for one year, $9.00 per week for the second year, $10.00 per week thereafter."

The description in the front of the booklet does not expressly represent that employer contributions give the worker the right to be in one of the two classes of surviving beneficiaries; it could, however, lead the ordinary, unwary reader to this belief. But the plan clarifies this vagueness so that if one had been confused after reading the description (regarding the legal result of the $6 per week contribution), an examination of the plan itself serves to dispel any such belief, for it is clear from a reading of the plan that in order for a survivor to have entitlement there must have been employer payments in increasing amounts over a three year period.

Gould v. Continental Coffee Co., 304 F.Supp. 1 (S.D.N.Y.1960) and Dictaphone Corp. v. Clemons, 488 P.2d 226 (Colo. App.1971) are cited by the plaintiff-appellee for the proposition that where there is a variance between the general description and the plan itself it is to be construed against the draftsman. These cases are, however, different because the plans themselves were not in those instances submitted to the beneficiaries. Only the summaries were given. It is not, therefore, surprising that the courts in those cases held that the employees had a right to rely on the summaries.

A reading of the plan makes clear the belief that a survivor's pension is paid to anyone whose employer paid $5–$6–$7 and $8 and that a higher pension is paid to those whose employer paid $8–$9 and $10.

■ The letter from Nye to plaintiff's husband is somewhat misleading. However, it does not mention *survivor* pensions. The mistake in that letter was made in saying that plaintiff's husband would receive upon retirement $250 each month for five years and $110 per month thereafter. This is the amount that is received from someone who is in the higher classification of employer payments. But there could have been no reliance on that letter for the purpose of *survivor* benefits. Although the memorandum which was sent to the union and which is relied on by appellant *did* men-

tion *survivor* benefits, read in its entirety it was incapable of misleading anyone.

■ Finally, it cannot be said that the plan itself is positively deceptive. True, it is much less than perfect in that it presents a picture of glowing generosity, whereas for the $6 per week the surviving widow receives only a small percentage of the amount paid in. This is indeed a poor plan which ought not to be available to an employer. Moreover, if there is to be a description of a plan of this kind it should describe not only the benefits but should also note the deficiencies.

■ Plaintiff finally urges that the appellant has violated the Welfare Pension Plan Disclosure Act, 29 U.S.C. § 301 et seq. This requires a complete description of pension plans like the one involved here. Even though the description together with the plan is unsatisfactory, we cannot say that the appellee has violated this Act.

We are constrained to hold that the judgment of the district court is clearly erroneous from the standpoint of the facts found and must be reversed. The cause is remanded to the district court with directions to vacate the judgment and dismiss the action.