**George STRAUB, Plaintiff–Appellant,**

v.

**WESTERN UNION TELEGRAPH COMPANY, Defendant–Appellee.**

No. 85–2624.

United States Court of Appeals, Tenth Circuit.

July 15, 1988.

Lloyd O. Bates, Jr. of Pickett, Bates & Holmes, Las Cruces, N.M., for plaintiff-appellant.

Charles C. High, Jr. and Dan C. Dargene of Kemp, Smith, Duncan & Hammond, El Paso, Tex., for defendant-appellee.

Before LOGAN, ANDERSON, and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

George Straub appeals from the dismissal of his claims against Western Union Telegraph Company (defendant) for breach of contract and negligent misrepresentation.[1] The district court dismissed these claims as preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 to § 1461. On appeal Straub argues that there is no ERISA preemption, and, alternatively, that he has stated a claim under ERISA.

Straub's claims arise from a dispute concerning pension benefits. Defendant employed Straub from October 1947 to April 1978. During this time, Straub was covered by defendant's pension plan. In April 1978, Straub accepted an offer of employment from Western Union Space Communications, Inc. (WUSCI), a wholly owned subsidiary of defendant, and terminated his employment with defendant. As a WUSCI employee, however, Straub continued to participate in defendant's pension plan.

In June 1980, defendant sold fifty percent of its ownership interest in WUSCI to Fairchild Industries, Inc. and Continental Telephone Corporation. WUSCI was then reorganized into a partnership called Space Communications Company (SpaceCom). In July 1980, a meeting was held with the SpaceCom employees to explain the effect of the sale and reorganization upon the employees' benefits. Representatives from both defendant and SpaceCom conducted the meeting. These representatives told the SpaceCom employees, including Straub, that they would continue to participate in the same pension plan as before the sale. Under defendant's pension plan at this time, benefits were determined by the fol-

lowing formula: (one percent) x ("average final pay") x ("pension service").

In July 1982, defendant agreed during collective bargaining negotiations to increase the one percent factor to 1.3 percent. The SpaceCom board of directors did not adopt the increase in the pension formula, however, and for that reason the increase did not apply to any of the SpaceCom employees, including Straub. On July 1, 1983, defendant sold its remaining fifty percent ownership in SpaceCom, and SpaceCom employees ceased participating in defendant's plan. Straub applied for his pension on July 13, 1983, and has been receiving benefits on the one percent rather than the 1.3 percent factor.

Straub brought an action in New Mexico state court asserting a breach of contract claim against defendant for not including him in the increase in pension benefits, and a negligent misrepresentation claim for defendant's failure to inform him that his pension benefits might be affected by his transfer of employment to WUSCI or SpaceCom. Straub did not assert any claim against the pension plan under ERISA. Defendant removed the action to the United States District Court for the District of New Mexico. The district court then granted defendant's motion for summary judgment, finding that Straub's claims were preempted by ERISA and that Straub had failed to state a claim under ERISA.

I

Straub first argues that his common law claims for breach of contract and negligent misrepresentation are not preempted by ERISA. The scope of ERISA preemption, however, is very broad. Under ERISA § 514(a), 29 U.S.C. § 1144(a), ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." As the Supreme Court recently noted, "the express preemption provisions of ERISA

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, ___, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (U.S April 6, 1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). As defendant's pension plan is indisputably an "employee benefit plan" as that term is used in § 1144(a), *see* 29 U.S.C. § 1002(2)(A), (3), the only question is whether Straub's state law claims "relate to" that plan.

The Supreme Court stated in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983), that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." The Court then reviewed the legislative history of ERISA and concluded that Congress intended to use the words "relate to" in this broad sense, so that state law may be preempted even if it does not specifically concern subjects covered by ERISA. *Id.* at 98–100, 103 S.Ct. at 2900–02.

Other circuits have found ERISA preemption in situations analogous to that before us. In *Anderson v. John Morrell & Co.*, 830 F.2d 872 (8th Cir.1987), the plaintiff brought an action similar to Straub's against his former employer, alleging

> "that the oral representations of 'policy' amounted to an offered promise, accepted by the employee's performance of work. He argues that a contract resulted, under which, whenever the Company improved benefits in the plan covering retired employees from the bargaining unit, it was obliged to make the same improvement in its plan for other retired employees."

*Id.* at 873–74. The court rejected this claim, holding that

> "principles of common law governing a claimed contract right to have the plan modified clearly 'relates to' [sic] the plan and that state law in that area is preempted."

*Id.* at 875. *See also Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir.1987) (state law claims for breach of contract, breach of duty of good faith and fair dealing, and conspiracy to interfere with protected property interest preempted by ERISA to the extent that claims referred to employee benefit plan); *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d 659, 660 (4th Cir.1986) (state law claims for breach of contract and estoppel preempted by ERISA); *Blakeman v. Mead Containers*, 779 F.2d 1146, 1151 (6th Cir. 1985) (state common law contract claims preempted by ERISA). *Cf. Pilot Life*, 481 U.S. at ___, 107 S.Ct. at 1551–53 (state law claims for tortious breach of contract, breach of fiduciary duties, and fraud in the inducement preempted by ERISA). With the weight of Supreme Court and appellate opinion to the contrary, Straub's argument that ERISA cannot preempt claims that are primarily contractual in nature must fail.[2] The district court properly ruled Straub's state law claims to be preempted.

## II

Straub argues alternatively that if his state law claims must be recharacterized as ERISA claims, we still should reverse the district court's grant of summary judgment for defendant. Straub presents the following theories for holding defendant liable under § 502 of ERISA, 29 U.S.C. § 1132: (1) breach of an oral contract promising Straub that his benefits with WUSCI would be the same as if he were still employed by defendant; (2) vicarious

---

2. Straub relies on three state cases, *Hepler v. CBS, Inc.*, 39 Wash. App. 838, 696 P.2d 596, *cert. denied*, 474 U.S. 946, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985); *Shaw v. Westinghouse Electric Corp.*, 276 Pa. Super. 220, 419 A.2d 175 (1980), and *Ex Parte Ward*, 448 So.2d 349 (Ala.1984). In a subsequent decision, however, the Washington Court of Appeals refused to extend *Hepler* to hold that state contractual rights and the doctrine of estoppel were compatible with ERISA and therefore not preempted. *Boutillier v. Libby, McNeill & Libby, Inc.*, 42 Wash.App. 699, 713 P.2d 1110, 1117–19 (1986). We also think that the Supreme Court's decisions in *Pilot Life* and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987), have foreclosed whatever support *Shaw* and *Ward* might have lent to Straub's argument.

liability, as a general partner of WUSCI, for WUSCI's breach of an oral contract; and (3) negligent misrepresentation in failing to disclose to Straub that the transfer to WUSCI might affect his benefits.

Even if Straub's factual allegations are true, he has not stated a claim for relief under § 502 of ERISA. Under the express terms of the plan, Straub, as an employee of SpaceCom, is entitled to only the one percent benefit rate he is now receiving.[3] Straub's claims can succeed only if oral agreements or representations can modify the terms of an ERISA-governed employee benefit plan.

Following the lead of the Eleventh Circuit, we hold that no liability exists under ERISA for purported oral modifications of the terms of an employee benefit plan. *See Nachwalter v. Christie*, 805 F.2d 956, 959–61 (11th Cir.1986). As the court noted in *Nachwalter*, under ERISA all "employee benefit plans [must] 'be established and maintained pursuant to a written instrument.'" *Id.* at 960 (quoting 29 U.S.C. § 1102(a)(1)). The court then stated, "[T]his requirement that ERISA plans be 'maintained' in writing precludes oral modifications of the Plans; the common law doctrine of estoppel cannot be used to alter this result." *Nachwalter*, 805 F.2d at 960. In reaching this conclusion, the court relied in part on our decision in *Mo-Kan Teamsters Pension Fund v. Creason*, 716 F.2d 772 (10th Cir.1983), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1984), where we held that an oral modification of an employee trust provision in a collective bargaining agreement could have no effect under the Labor Management Relations Act. *Id.* at 777. The court in *Nachwalter* also cited a pre-ERISA case from this circuit, *Johnson v. Central States, Southeast and Southwest Areas Pension Fund*, 513 F.2d 1173 (10th Cir.1975), in which we held that the description of a pension plan in a

booklet and letter were not effective to modify the written terms of the plan. *Id.* at 1174–76.

The *Nachwalter* court also rejected an attempt to apply federal common law so as to allow oral modifications of employee benefit plans. As the court stated:

"A central policy goal of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans. This goal would be undermined if we permitted oral modifications of ERISA plans because employees would be unable to rely on these plans if their expected retirement benefits could be radically affected by funds dispersed to other employees pursuant to oral agreements. This problem would be exacerbated by the fact that these oral agreements often would be made many years before any attempt to enforce them."

805 F.2d at 960 (citations omitted). *See also Anderson*, 830 F.2d at 875–77 (treating "policy" announced by employer as an employee benefit plan or part of plan; such policy must be in writing to be enforceable under ERISA or federal common law).

Furthermore, we think this result is consistent with *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), in which the Supreme Court held that a fiduciary to an employee benefit plan could not be held liable under ERISA to a plan participant or beneficiary for extra-contractual compensatory or punitive damages caused by untimely processing of claims. The Court noted that ERISA's civil "enforcement scheme [was] crafted with such evident care" that Congress did not intend for implied rights of action to supplement the express provisions. *Id.* at 147–48, 105 S.Ct. at 3092–93. Similarly, we think that ERISA's express requirement that the

---

**3.** The plan provides as follows:

"The provisions of Section 4.01(a) and Section 4.02 as amended effective as of August 1, 1982 shall be applicable to Participants whose employment with the Company terminates on or after August 1, 1982, except that the 1 per cent benefit rate and the $100.00 minimum monthly pension in effect prior to August 1, 1982

shall continue to be applicable, in lieu of the 1.3 per cent benefit rate and the $300.00 minimum monthly pension set forth in Sections 4.01(a) and 4.02 respectively, to a Participant employed by Space Communications Company."

Plan § 4.10(b), *quoted in* I R. 35 at 7.

written terms of a benefit plan shall govern forecloses the argument that Congress intended for ERISA to incorporate state law notions of promissory estoppel. Because Straub is receiving the benefits to which he is entitled under the express terms of defendant's employee benefit plan, he has no cause of action under ERISA.

AFFIRMED.