**Ramona MIDDLETON, Plaintiff,**

v.

**HEWLETT PACKARD COMPANY, a California corporation, doing business in Colorado, Defendant.**

No. 89–C–180.

United States District Court,
D. Colorado.

July 13, 1989.

Glenn A. Bergmann, Lakewood, Colo., for plaintiff.

Thomas C. Reeve, Gibson, Dunn & Crutcher, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff has sued her former employer, the defendant Hewlett Packard Company, asserting claims for constructive discharge (First Claim) and for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Second Claim). Defendant has filed a motion to dismiss the First Claim on the ground that it is preempted by ERISA, 29 U.S.C. § 1144. Defendant also seeks an extension of time in which to answer the complaint. Plaintiff has responded by opposing the defendant's motion to dismiss.

The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is based on 29 U.S.C. § 1132(e), an ERISA provision, and diversity of citizenship. 28 U.S.C. § 1332.

I have construed the complaint's allegations in the light most favorable to the plaintiff as I am bound to do. Plaintiff was formerly employed by the defendant from June 1973 to November 1986, having transferred to the defendant's Greeley, Colorado, production facility in 1981. In August 1986, the plaintiff began to experience stress as a result of pending divorce proceedings. She informed her supervisors that she "might have to quit" her employment until "things" were "straightened out," and allegedly was persuaded not to resign. Complaint at paras. 6 and 7.

In October 1986, the plaintiff became ill with a bacterial infection and missed five days of work. When she returned to work, her supervisor advised her that her work performance was not satisfactory and that if she did not resign voluntarily, she would be fired. Complaint at paras. 8 and 9. Plaintiff bases her constructive discharge claim on the defendant's alleged policy requiring that progressive discipline be utilized before discharging an employee. Plaintiff further contends that the defendant's policy evidences an employment contract which the defendant allegedly breached in demanding her resignation. Complaint at para. 10. She seeks recovery of loss of pay and benefits in her First Claim for Relief.

In support of its motion to dismiss, the defendant contends that § 1144(a) of the ERISA statutes preempts a wrongful discharge claim factually based on an employment termination that was allegedly a pretense to avoid paying ERISA benefits. Defendant emphasizes that the plaintiff has admitted in her complaint that her state claim for wrongful discharge is based upon

[the defendant's] attempt to avoid paying her ERISA benefits. Defendant relies, however, upon the plaintiff's allegations contained in her Second Claim for Relief based on ERISA to support this contention. Plaintiff's Second Claim in fact does allege the existence of a "Voluntary Severance Incentive Plan" the benefits of which were allegedly denied to her because of her constructive discharge. Complaint at paras. 13 and 17.

In *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), the United States Supreme Court considered whether a claim based on a Maine plant-closing statute that provided for payment of employee severance benefits was preempted by ERISA. The Supreme Court concluded that the claim was not preempted, basing its determination in part on ERISA's clear concern with regulating "employee benefit plans," including those plans created by state law. The Maine statute, in contrast, concerned "employee benefits" but not an "employee benefit plan."

More recently, in *Straub v. Western Union Tel. Co.,* 851 F.2d 1262 (10th Cir.1988), the Court of Appeals for the Tenth Circuit affirmed the district court's dismissal of the plaintiff's state law claims for breach of contract and negligent misrepresentation as preempted by ERISA. As indicated by the fact statement in the *Straub* opinion, those claims clearly were based on a pension benefit plan. The Tenth Circuit Court of Appeals discussed the ERISA preemption issue as follows:

"Straub first argues that his common law claims for breach of contract and negligent misrepresentation are not preempted by ERISA. The scope of ERISA preemption, however, is very broad. Under ERISA § 514(a), 29 U.S.C. § 1144(a), ERISA supersedes 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....' As the Supreme Court recently noted, 'the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.' *Pilot Life Ins. Co. v. De-*

*deaux,* 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (U.S. April 6, 1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). As defendant's pension plan is indisputably an 'employee benefit plan' as that term is used in § 1144(a), *see* 29 U.S.C. § 1002(2)(A), (3), the only question is whether Straub's state law claims 'relate to' that plan."

"The Supreme Court stated in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983), that '[a] law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.' The Court then reviewed the legislative history of ERISA and concluded that Congress intended to use the words 'relate to' in this broad sense, so that state law may be preempted even if it does not specifically concern subjects covered by ERISA. *Id.* at 98–100, 103 S.Ct. at 2900–02." *Straub, supra,* 851 F.2d at 1263–64.

As evidenced by the many cases cited by the parties' briefs on the issue, the question whether ERISA preempts state law claims is not always easily resolved. In the instant case, the plaintiff's First Claim refers to a loss of benefits as a result of the alleged constructive discharge but does not mention an "employee benefit plan." In contrast, however, the plaintiff asserts in her Second Claim that the defendant's act in constructively discharging her was motivated by the defendant's desire to avoid her accrual of severance benefits under a specified "benefit plan." Thus the plaintiff's state law claim is based on a factual setting that overlaps her ERISA claim. Moreover, the plaintiff's assertion in her Second Claim regarding the defendant's motivation for the constructive discharge "ties" the ERISA claim to her tort claim. Under these circumstances, I find and conclude that the plaintiff's state claim for wrongful discharge "relates to" the employee benefit plan cited in the complaint and thus, that claim is preempted by the ERISA claim. *See, e.g., Clark v. Coats &*

*Clark, Inc.*, 865 F.2d 1237, 1242–1245 (11th Cir.1989) (plaintiff's tort claim for intentional infliction of emotional distress held not preempted by ERISA since the complaint made no statement that tied the two claims together to satisfy ERISA's "related to" language).

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss the plaintiff's First Claim for Relief as preempted by the ERISA claim (the Second Claim for Relief) is granted and the First Claim is dismissed from the complaint;

(2) Defendant's motion for an extension of time to answer the complaint is granted; and

(3) Defendant shall file its answer within eleven days from the date of this order.