**Rallet C. LUND, Plaintiff,**

v.

**UNUM LIFE INSURANCE OF
AMERICA and Murdock
Travel, Inc., Defendants.**

**No. 2:96 CV 474K.**

United States District Court,
D.Utah,
Central Division.

Sept. 17, 1998.

---

Jackson Howard, Leslie W. Slaugh, Mr., Howard Lewis & Petersen, Provo, UT, for plaintiff.

Wilford A. Beesley, Beesley Fairclough & Fitts, Stanford P. Fitts, Salt Lake City, UT, for Unum Life Insurance Company of America, defendants.

## ORDER

KIMBALL, District Judge.

Before the Court are Plaintiff Rallet Lund's Motion for Summary Judgment against Defendant Unum Life Insurance of America ("Unum"), Defendant Murdock Travel Inc.'s ("Murdock") Motion for Summary Judgment against Plaintiff, and Plaintiff's Motion for Sanctions against Unum.

## BACKGROUND

Plaintiff worked for Murdock as a sales person from June 1990 until March 31, 1993. As a Murdock employee, she participated in an employee benefits plan that included disability insurance, provided by Unum and covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001–1461. Plaintiff suffered from degenerative disk disease, which was aggravated by a motor vehicle accident that occurred in January 1989. Plaintiff claims that the pain from her medical condition gradually worsened until, in March 1993, she was no longer capable of performing the requirements of her job.

On March 29th, Plaintiff was informed by Murdock that she was terminated, effective at the end of the workday on March 31st. Murdock gave Plaintiff the option of continuing after March 31st on a commission-only basis, but she did no further work. Murdock asserts that Plaintiff was terminated because the sales revenue she generated did not exceed her salary during the time she was employed by Murdock. Murdock asserts that she showed no signs of physical difficulty while she was working and that her medical condition was not a consideration.

Plaintiff asserts that her poor job performance was a consequence of her medical condition. In the course of attending to her sales accounts, Plaintiff would prepare written proposals, conduct sales meetings, and visit clients. Plaintiff asserts that her medical condition affected her work when, for example, she became unable to remain seated at her desk for long periods of time, to get in and out of her car to conduct client visits, and to stand for the periods of time necessary to make sales presentations.

On the same day she received her termination notice, March 29th, Plaintiff gave notice to Murdock of her intent to claim disability insurance. On April 1st, Plaintiff submitted a written application for benefits. In support of her application, she submitted a statement from her attending physician, Dr. Doran Porter. The statement is dated April 6th and consists of a preprinted form, on which Dr. Porter diagnosed her physical impairment by checking the box by the description "moderate limitation of functional capacity; capable of clerical-administrative (sedentary) activity." He also checked a box indicating that Plaintiff was "totally disabled." And, in response to the question of whether he expected fundamental or marked change in the future, noted that she was scheduled to see a neurosurgeon for surgery on April 7th.

Unum requested additional information from both Dr. Porter and Murdock. Murdock reported that Plaintiff's job rarely required long periods of sitting, standing, or walking, but rather entailed light office work with a great deal of variety. Dr. Porter provided Unum with an evaluation prepared by Dr. Lynn Gaufin (who saw Plaintiff on April 12th) and opined that Plaintiff's prognosis for returning to gainful employment depended on her response to the rehabilitation program Dr. Gaufin had recommended.

Unum then asked Dr. Gaufin for his prognosis, which was that Plaintiff was unlikely to be able to sit at a desk for eight hours a day, but "that she could perform light duty if a job was available that would allow her to

work at a desk for 30–40 minutes and then stand up, walk around, and do something else for a 20–30 minute period."

Unum denied the claim. Plaintiff sued Unum pursuant to 29 U.S.C. § 1131(a)(1)(B) to recover benefits due under the plan and to obtain a declaratory judgment of future entitlement to benefits, plus attorneys' fees. In the alternative, Plaintiff sued Murdock for benefits owed and attorneys' fees.

## STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the *Federal Rules of Civil Procedure* is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case. If the movant carries this initial burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element. "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant." *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir.1995). In applying the summary judgment standard, the factual record and reasonable inferences are to be examined in the light most favorable to the non-movant.

## DISCUSSION

Plaintiff's claims against Murdock are considered as a preliminary matter; next considered are Plaintiff's claims against Unum.

### I. Murdock's Motion for Summary Judgment against Plaintiff.

To date, Plaintiff has not identified the legal basis for her claims against Murdock. In her complaint, Plaintiff merely requests "judgment against Murdock" for the amount of the benefits in the event she does not recover against Unum (¶ 25). Plaintiff makes two allegations against Murdock: (i) that Murdock failed to remit to Unum the April premiums for Plaintiff's disability insurance (¶ 23) and (ii) that an agent of Murdock represented to Plaintiff that she would be covered by disability insurance through April 1993 (¶ 24). Murdock contends the allegations are untrue and has submitted evidence supporting its contention. Although brought as a motion for summary judgment, Murdock claims that Plaintiff has no cause of action against it even assuming that the allegations are true.

■■■■ The issue of April disability coverage cannot support a cause of action for two reasons. First, according to Lund's own explicit deposition testimony, her disability, if it existed at all, existed in March. Second, any statement by a Murdock representative that Lund had coverage in April when she did not have coverage pursuant to the written plan provisions (in this case, because her employment had been terminated effective March 31st) amounts to an oral modification of the written plan, which is impermissible under 29 U.S.C. § 1102. *Straub v. Western Union Telegraph, Co.*, 851 F.2d 1262, 1265 (10th Cir.1988) *("no liability exists under ERISA for purported oral modifications under the terms of an employee benefit plan")*. Any state-based, common law claims Plaintiff may attempt to assert are preempted and superseded by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Accordingly, Murdock's motion for summary judgment is granted, and Plaintiff's claims against Murdock are dismissed with prejudice.

### II. Plaintiff's Motion for Summary Judgment against Unum.

#### *Standard of Judicial Review Applicable to Benefit Denials.*

This Court must first determine the proper standard of judicial review to be employed in reviewing Unum's denial of Plaintiff's claim. "[A] denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the admin-

istrator's denial is to be upheld unless found to be arbitrary and capricious. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). This rule is an application of trust principles, which "make a deferential standard of review appropriate when a trustee exercises discretionary powers." 489 U.S. at 111, 109 S.Ct. at 954.

In the absence of evidence for example, that "the administrator has the power to construe uncertain terms or that eligibility determinations are to be given deference," courts are to construe plan terms as they do contractual provisions in any other context, namely, "without deferring to either parties' interpretation." 489 U.S. at 111–12, 109 S.Ct. at 955.

■ Unum asserts that it has discretionary authority under the plan, as evidenced by provisions in the plan providing that: (1) benefits are payable when proof or evidence is received; (2) the insurer will review a denied claim and provide a written response within 60 days after receiving a written request for review, (3) the insurer has a right to have an employee examined by a physician of the insurer's choice and interviewed by a company representative.

The actual wording of the first provision is as follows: "We will pay you a monthly benefit after the end of the elimination period when we receive proof that you: 1. are disabled due to sickness or injury; and 2. require the regular attendance of a physician."

Unum asserts that this provision is similar to ones that other courts have held impart discretionary authority. The Tenth Circuit has not considered this issue, and Unum relies primarily on *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550 (6th Cir.1998). The provision at issue in *Perez* was worded as follows: "[Aetna] shall have the right to require as part of the proof of claim satisfactory evidence ... that [the claimant] has furnished all required proofs for [receipt of] benefits." To resolve a conflict between decisions of prior panels, the Sixth Circuit reconsidered the matter en banc.

The issue in *Perez* was whether the plan's failure to identify and designate the party to whom the submitted proof must be satisfactory meant that discretion to determine eligibility benefits had not been clearly granted. The Sixth Circuit rejected the position, held by the large majority of courts, that in the absence of language specifying to whom the proof must be satisfactory, "the default reading should be an objective standard, satisfactory to a neutral arbiter, or satisfactory in terms of the over-all meaning of the contract, rather than satisfactory to one of the two interested parties." *Perez,* 150 F.3d at 559 *(Boggs, J., dissenting).* Instead, the Sixth Circuit held that the provision imparted discretionary authority to Aetna because the "only reasonable interpretation of the Plan is that Aetna requests the evidence, reviews it, and then makes a benefits determination." *Perez,* 150 F.3d at 557.

■ This Court cannot reconcile the decision of Sixth Circuit in *Perez* with *Firestone.* Under *Firestone,* the mere fact that an administrator must make an eligibility decision is not enough. The terms of the plan must also indicate that the administrator's eligibility decision is to be afforded deference. *But see Caldwell v. Life Ins.,* 959 F.Supp. 1361, 1365 (D.Kan.1997) *(finding persuasive the reasoning that requiring claimant to submit proof "by its very nature" grants administrator discretion).*[1] In this case, moreover, the term "proof" is not modified by any term indicating that the eligibility determination might be subjective, such as "satisfactory," "due," or "proper."

The second and third provisions cited by Unum are subject to the same defect. They show that the administrator is granted the

---

1. This Court does not read *Gust v. Coleman Co., Inc.,* 740 F.Supp. 1544, 1551 (D.Kan.1990), *aff'd.* 936 F.2d 583 (10th Cir.1991) *(table),* to support a contrary result. The issue in *Gust* was whether the plaintiff's pension benefits were subject to setoff for the full amount of his worker's compensation award. The court found that the administrator's interpretation of the governing plan provision was entitled to deference because the administrator had been given: (i) the rule-making power necessary to administer the plan and (ii) the power to "determine the *rights* of eligibility of an Employee to participate in the Plan." *Id.* at 1551 *(emphasis in original).* The plan here does not grant the administrator similar powers.

power to make decisions, but they do not show that the administrator's decisions are to be afforded deference.

Because no evidence that the plan administrator exercises discretion has been produced, this Court will apply a *de novo* standard to Unum's denial of Plaintiff's claim.

### Scope of Review

■ This Court must also determine the scope of review, specifically, whether evidence that was not presented to the plan administrator may be considered. The Tenth Circuit has not addressed the scope of review when the *de novo* standard applies. When the arbitrary and capricious standard applies, judicial review is confined to the arguments and evidence presented to the plan administrator at the time of its decision. *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377, 380 (10th Cir.1992); *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 824 (10th Cir.1996). In *Chambers*, the Tenth Circuit acknowledged that some other circuits allow district courts to accept additional evidence when conducting a *de novo* review, citing to *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017 (4th Cir.1993).

■ In *Quesinberry*, the Fourth Circuit adopted a "limited discretionary approach" to consideration by the district court of evidence that was not before the plan administrator:

> [W]e adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator. The district court should exercise its discretion, however, only when the circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.

*Id.* at 1025. Such circumstances might exist when, for example, there was no evidentiary record to review. *Id.* The *Quesinberry* court reached that result by carefully balancing ERISA's multiple purposes, including promoting the interests of employees and their beneficiaries, providing prompt resolution of claims, and preventing district courts from becoming substitute plan administrators. *Id.* In the absence of Tenth Circuit authority to the contrary, this Court adopts the *Quesinberry* approach.[2]

■ Plaintiff alleges that this Court should permit the introduction of additional evidence because Unum failed to produce the administrative record pursuant to a request for production of documents and pursuant to Rule 26(a)(1) of the *Federal Rules of Civil Procedure*. This is not a circumstance that clearly establishes that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.[3]

### Unum's Eligibility Determination

■ It is evident from the statements of Plaintiff's own physicians that Plaintiff did not meet her burden of proof in the application process with Unum. As previously discussed, Unum was obligated to pay Plaintiff a monthly benefit after the end of the elimination period upon receipt of proof both that Plaintiff was disabled due to sickness or injury and that Plaintiff required the regular attendance of a physician. According to the plan, disability occurs when: "1. you cannot perform each of the material duties of your regular occupation; and 2. after benefits have been paid for 24 months, you cannot perform each of the material duties of any occupation for which you are reasonably fitted by training, education or experience."

Dr. Porter's opinion, conveyed by checking off boxes on a preprinted form, is ambiguous.

2. At least one circuit has allowed district courts to look beyond the administrative record to review a plan administrator's plan interpretation, but not to review the historical facts underlying the plaintiff's claim. *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 638–634 (5th Cir.1992). This Court need not reach that issue inasmuch as the question here, namely, whether plaintiff was disabled, is one of historical fact. *Chambers*, 100 F.3d at 824 *(applying Wildbur to uphold decision of magistrate to limit scope of review)*.

3. More precisely, and by filing a separate motion for sanctions, Plaintiff urges the Court to prohibit Unum from relying on the administrative record as a sanction pursuant to Rule 37(b)(2) or Rule 37(d) for failure to produce it. That motion is denied on the ground that Plaintiff failed to first file a motion to compel as required by Rule 37(a).

He checked a box indicating that Plaintiff is "now totally disabled," but he also checked a box indicating that Plaintiff was capable of "moderate limitation of functional capacity; capable of clerical-administrative (sedentary) activity." Unum understandably requested additional information from him, and he responded by opining "that her prognosis for returning to gainful work will likely depend on her responses to the rehab center that Dr. Gaufin has suggested" and by sending Unum the evaluation performed by Dr. Gaufin.

When Unum sought further information from Dr. Gaufin, he opined that she was capable of light duty work in a situation where she performed a variety of tasks. The information available to Unum indicated that Plaintiff's job at Murdock was such a position. Plaintiff herself describes the physical requirements of her job in her affidavit as visiting the offices of potential and existing customers, giving presentations, and sitting at her desk to prepare proposals and do accounting. Plaintiff attached the "position description" prepared by Murdock to support the job description that she set forth, which, under the heading "major duties and accountabilities," lists a wide variety of tasks to be carried out "[w]ith general and limited instruction and exercising independent judgment on sales plan and approach."

Plaintiff disputes only that she was capable of performing her job. But in this, Plaintiff is contradicted by her own doctors, both of whom opined that Plaintiff was capable of such work.

For this reason, Plaintiff's motion for summary judgment against Unum is denied. In light of this Court's ruling limiting the scope of review to the administrative record, this Court finds further that there is nothing else to be offered by the parties and that Unum is entitled to judgment in its favor as a matter of law. In this regard, the Court accepts the representations of Unum's counsel that a copy of the administrative record was produced to Plaintiff many months prior to oral argument of the parties' motions, finds that Plaintiff had an adequate opportunity at oral argument to advance Plaintiff's reasons for permitting consideration of additional evidence, and finds further that Plaintiff has been given adequate opportunity to demonstrate why summary judgment should not be granted.

## III. CONCLUSION

For the reasons set forth above, Murdock's motion for summary judgment against Plaintiff is granted; Plaintiff's motion for summary judgment against Unum is denied; Plaintiff's motion for sanctions against Unum is denied; and Unum is granted summary judgment in its favor against Plaintiff. Pursuant to 29 U.S.C. § 1132(g), each party to bear her or its own costs and fees.