**Paul RODRIGUE, Plaintiff–Appellant,**

**v.**

**The WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 91–3553**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1991.

---

William R. Mustian, III, Stanga & Mustian, Metairie, La., for plaintiff-appellant.

Joni McNamara Parent, Raymond Joseph Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

This appeal from the grant of summary judgment asks the question: Does the Lou-isiana law of equitable estoppel apply to a claim under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461? We hold that it does not.

There are no material facts in dispute.

Appellant Rodrigue was an employee of Appellee Western and Southern Life Insurance Company. Western and Southern provided an Employee Welfare Benefit Plan governed by ERISA. The Plan had been endorsed to exclude benefits for treatment to Appellant for ailments of the genitourinary system. Appellant was hospitalized for treatment of kidney stones. In a telephone call between a representative of the hospital and a representative of the Appellee, the Appellee authorized Rodrigue's admission for treatment. Later, Western and Southern denied benefits because of the exclusion applicable to Appellant. Appellant contends that, because he relied to his detriment on Appellee's authorization, Appellee is equitably estopped to deny benefits. To support his claim Appellant relies primarily upon 29 U.S.C. § 1132(a)(3)(B), which provides that a participant, beneficiary or fiduciary may bring a civil action to obtain equitable relief under ERISA.

## DISCUSSION

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d

577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969) (en banc).

█ We may affirm the grant of summary judgment regardless of the correctness of the district court's ruling if we find in the record an adequate independent basis for that result. *Degan v. Ford Motor Co.,* 869 F.2d 889, 892 (5th Cir.1989).

█ While our Court has not specifically addressed the equitable estoppel issue by name, it has held that it does not apply. In *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1296 (5th Cir.1989), although the plaintiff did not argue estoppel, we rejected the argument that he was entitled to additional benefits based on the oral representation of his employer's representative. We noted that ERISA provides that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." *Id.* (quoting 29 U.S.C. § 1102(a)(1)). We adopted the reasoning of the Seventh and Eighth Circuits that ERISA's writing requirement protects the plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to them under the express terms of the plan. *Id.* (citing *Cummings by Techmeier v. Briggs & Stratton Retirement Plan,* 797 F.2d 383, 389 (7th Cir.), *cert. denied,* 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 703 (1986); *Phillips v. Kennedy,* 542 F.2d 52, 55 n. 8 (8th Cir.1976) (pre–ERISA)).

The *Cefalu* Court also noted that its conclusion was supported by the Tenth and Eleventh Circuits. *Id.* (citing *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986); *Straub v. Western Union Tel. Co.,* 851 F.2d 1262 (10th Cir.1988)). In *Nachwalter,* the Eleventh Circuit held that § 1102(a)(1) of ERISA precluded the plaintiff's argument that the trustees of a profit-sharing and pension plan were estopped from enforcing the written terms of a plan because

of oral representations. 805 F.2d at 960. In *Straub,* the Tenth Circuit held that ERISA's express requirement that the written terms of a benefit plan shall govern forecloses the argument that Congress intended ERISA to incorporate state law notions of promissory estoppel. 851 F.2d at 1265–66. Moreover, the *Cefalu* Court maintained in dicta that "[t]he validation and enforcement of oral agreement or modifications to pension plans through estoppel ... conflict[ ] with § 1102(a)(1)." *Cefalu,* 871 F.2d at 1297 n. 44.

Following this line of cases, we held in *Degan v. Ford Motor Co.* that "ERISA precludes oral modifications to benefit plans and that claims of promissory estoppel are not cognizable in suits seeking to enforce rights to pension benefits." 869 F.2d at 895 (citations omitted). The *Degan* Court explained that Congress intended that federal courts should create federal common law when adjudicating disputes regarding ERISA. *Id.* (citing *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957)). The Court cautioned, however, that this power extends only to areas that federal law preempts but does not address. *Id.* (citing *Wheeldin v. Wheeler,* 373 U.S. 647, 651–52, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963)).

ERISA specifically provides that its provisions preempt state laws that relate to any employee benefit plan. 29 U.S.C. § 1144(a). Moreover, *Degan* determined that ERISA addresses estoppel claims by requiring that "[e]very employee benefit plan be established and maintained pursuant to a written instrument" and by requiring that the written plans "provide a procedure for amend[ments] ... and for identifying the persons who have the authority to amend the plan." 869 F.2d at 895 (quoting 29 U.S.C. § 1102(a)(1) & (b)(3)). Accordingly, the *Degan* Court concluded that it was not free to fashion federal common law that recognized estoppel-based arguments. *Id.* The Court emphasized that "[a]pplying the common-law concept of estoppel would mean presenting retirement plan administrators with claims for pay-

ment from individuals, otherwise ineligible, who were parties to oral agreements that, ... have lain unsuspected and inert for years. That prospect would threaten the stability and solvency of many plans upon which so many other employees are dependent." *Id.*

No issue of material fact exists whether the plan's written provisions excluded coverage for Rodrigue's kidney-stone treatment. Under *Cefalu* and *Degan*, Rodrigue is precluded from arguing that Western and Southern is estopped from denying coverage based on oral modifications to the Plan. Accordingly, the district court correctly held that Western and Southern was entitled to judgment as a matter of law.

AFFIRMED.