United States Court of Appeals,

Fifth Circuit.

No. 93-4153.

Jimmy WEAVER and Jeanette Weaver, Plaintiffs-Appellants,

v.

EMPLOYERS UNDERWRITERS, INC., Malcolm Rodrigues, d/b/a Rodrigues Logging, and Lisa Elliott, Defendants-Appellees.

Feb. 9, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before VAN GRAAFEILAND,[*] SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The district court held that certain claims by an independent contractor against his employer were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  We reverse.

I.

Malcolm Rodrigues owned an unincorporated logging business and hired Jimmy Weaver as a "saw hand" to fell timber in certain tracts of land designated to him by Rodrigues.  Rodrigues would tell Weaver on what portion of land he was to cut timber, what days he would need to work, and the time of day he should be at work.  Weaver (and the other saw hands employed by Rodrigues) made the decisions as to when, where, and how to cut the timber within the tract.

When one tract was complete, Rodrigues would assign new tracts for Weaver to cut.  Weaver supplied his own tools and transportation to work and hired his son to assist him.  Rodrigues paid Weaver per ton of wood cut.  Weaver was treated as a subcontractor for federal income tax and social security tax purposes.

Rodrigues became a member of a multiemployer benefit plan (the Southeastern Lumbermen's Association Employee Benefit Plan and Trust) that provided certain medical disability benefits to

[*]Circuit Judge of the Second Circuit, sitting by designation.

Rodrigues and his employees. Employers Underwriters, Inc. ("Employers"), was the insurance carrier obligated to pay benefits under the plan. An advertising flyer for the Southeastern Lumbermen's Plan reads in part,

SOUTHEASTERN LUMBERMEN'S ASSOCIATION

EMPLOYEE BENEFIT PLAN AND TRUST

*FOR EMPLOYEES AND EMPLOYERS,*

*INDEPENDENT OPERATORS, CONTRACTORS & CONTRACT LABOR*

*AND THEIR EMPLOYEES.*

It is undisputed that, by its terms, the plan covered only "covered employees," a term defined as "a full-time employee (an Employee which works an average of at least 1 hours or more per week)."[1]

Weaver had worked for Rodrigues only a few months before he was struck and injured by a falling tree. Because Rodrigues's payroll records listed Weaver as an "employee," Employers began paying benefits to Weaver. When Rodrigues later informed Employers that Weaver was not an employee, Employers stopped the benefit payments, then, through one of its adjusters (Lisa Elliott), negotiated a settlement agreement with Weaver whereby Weaver waived his legal claims, with the exception of his claims to medical expenses, in exchange for a lump-sum payment of $2,700.

II.

Weaver and his wife[2] brought this lawsuit against Rodrigues, Employers Underwriters, and Elliott in Texas state court, and the defendants removed. Weaver makes the following claims against one or more of the defendants: (1) violation of the Texas Deceptive Trade Practices Act—Consumer Protection Act (DTPA)[3] for false, misleading, and deceptive practices in the course of settling

---

[1] It is uncertain from the appellate record whether the plan in question had been modified especially for Rodrigues or whether each employer was subject to the same provisions.

[2] We refer to the plaintiffs simply as "Weaver."

[3] TEX.BUS. & COM.CODE ANN. §§ 17.41 to 17.63 (Vernon 1987 & 1994 Supp.).

Weaver's claim; (2) violation of the Texas Insurance Code[4] for the allegedly gross inadequacy of the settlement offer; (3) constructive fraud by the making of material and false representations that Weaver relied upon during the course of settlement talks; (4) duress in the negotiation of the settlement agreement; (5) bad faith in denying Weaver's right as a third-party beneficiary of the insurance contract; (6) conspiracy to deceive Weaver and secure a settlement and release; (7) negligence in failing to provide a safe workplace and adequate tools; (8) negligence in failing to treat the plaintiffs in good faith and with fairness; (9) gross negligence; and (10) attorneys' fees based upon the applicable provisions of the Texas Civil Practice and Remedies Code, the Texas Deceptive Trade Practices Act, and the Texas Insurance Code.

The district court held that (1) it had subject matter jurisdiction; (2) all of Weaver's claims, except these regarding unsafe working conditions and inadequate equipment,[5] were preempted; and (3) Weaver had no standing to bring an ERISA claim. The district court dismissed Weaver's ERISA-preempted causes of action and remanded his claims regarding unsafe working conditions and inadequate equipment.

Weaver argues that the Rodrigues benefit plan was intended to cover independent contractors and that the part of the plan intended to cover them was not an ERISA plan.[6] Employers argues that the plan was an ERISA plan established and maintained by Rodrigues to provide benefits to employees, that all of Weaver's claims against the plan are preempted by ERISA, and that Weaver does not have standing to sue under ERISA.

### III.

### A.

There are two types of employee benefit, or ERISA, plans: "employee welfare benefit plans"

---

[4]TEX.INS.CODE ANN. art. 21.21, § 16 (Vernon 1981 & Supp.1994).

[5]Such claims include negligence and gross negligence related to unsafe working conditions and inadequate equipment, as well as the claim for attorneys' fees as it relates to these causes of actions.

[6]Weaver contends further that a claim that an insurance agent induced an insured to participate in an ERISA plan that did not provide coverage for the insured is not preempted.

and "employee pension benefit plans." 29 U.S.C. § 1002(3). A "welfare benefit plan" is

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

28 U.S.C. § 1002(1). The district court concluded that the Rodrigues benefit plan was an ERISA plan, applying the two factors set out in *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 976-78 (5th Cir.1991) ((1) whether the plan is excluded from ERISA by Department of Labor regulations and (2) whether the plan is established or maintained by an employer with the purpose of providing benefits to its employees). The district court's finding that the Rodrigues plan was an ERISA plan is a finding of fact, *id.* at 976, that we review under the clearly erroneous standard.

Weaver argues that at least part of the Rodrigues plan is not governed by ERISA because the plan was intended to benefit independent contractors as well as employees.[7] Indeed, at least one court has held that a plan can be divided into ERISA and non-ERISA portions. *Kelly v. Blue Cross & Blue Shield,* 814 F.Supp. 220, 227-29 (D.R.I.1993) (health insurance contract covering a nonemployee—the company's owner—was not part of company's ERISA plan). If a claim is related to the non-ERISA portion of the plan, arguably it would not be preempted.

But Weaver's argument has mixed factual merit. He relies upon Rodrigues's testimony to prove that the plan was intended to cover independent contractors. Rodrigues testified that (1) he intended the plan to cover Weaver and (2) that he considered Weaver to be an independent contractor. On the other hand, Rodrigues sometimes referred to Weaver as an employee, not an independent contractor. Furthermore, the plan covers employees, not independent contractors.

Weaver's argument requires us to make a factual reckoning as to whether Rodrigues intended the plan to cover independent contractors. Even if we were to conclude that he did, we would have

---

[7]Weaver's logic is as follows: An ERISA plan exists to the extent that the plan is established or maintained for the purpose of providing benefits to employees (and beneficiaries). *See* 29 U.S.C. § 1002(1). The Rodrigues plan is intended to benefit Weaver, who is not an employee. Therefore, the Rodrigues plan is not an ERISA plan to the extent it is intended to benefit Weaver.

to go further and hold that part of the plan is non-ERISA, despite the district court's finding that the entire plan is an ERISA plan. We then would have to face the issue of whether an employer's intentions alone can create a non-ERISA portion of the plan when the plain language of the plan contradicts his intentions.[8]

We find it unnecessary to reach Weaver's argument that the plan is not entirely an ERISA plan. Even if the plan is an ERISA plan in its entirety, Weaver's claims are not preempted. Therefore, for the purposes of argument, we accept the finding of the district court that the Rodrigues benefit plan is an ERISA plan.

## B.

The next issue is whether ERISA preempts Weaver's claims.[9] The preemption clause in ERISA states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a).[10] State law causes of action are barred by § 1144(a) if

> (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990) (footnotes omitted).

The district court found that the first *Memorial Hospital* factor was present with respect to all of Weaver's claims except those related to unsafe working conditions and inadequate equipment. The court held that Weaver's claims

> address an area of exclusive federal concern, i.e., whether a claim under an ERISA EWBP [employee welfare benefit plan] was properly processed and decided, and the peripheral actions of the claims adjuster, employer, and administrator of the plan in processing and

---

[8]The court in *Kelly* did not face such an issue, as the plan in *Kelly* expressly covered a non-employee. 814 F.Supp. at 222.

[9]Although the existence of an ERISA plan is a necessary requirement for preemption, the converse is not true. The existence of an ERISA plan does not mean that there must be ERISA preemption.

[10]The preemption clause contains two express exceptions not applicable here.

deciding the fate of the claim.

The district court also held that the second factor was present:

> Additionally, the Court notes that the claims in this case—all arising out of the manner in which the Weaver's claims for benefits were resolved—directly affect the relationship between the administrator of the plan (Employer's) and the employee.

We do not agree that the claims of an independent contractor "directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." Weaver is not a participant in the Rodrigues plan. ERISA defines "participant" as

> any employee or former employee of an employer, or any member of former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7).

After reviewing the factors listed in *Penn v. Howe-Baker Eng'rs,* 898 F.2d 1096, 1102 (5th Cir.1990),[11] the district court concluded that Weaver was not an employee but an independent contractor. Weaver does not challenge this conclusion on appeal. If Weaver is not an employee, then he is not an ERISA "participant."

Nor is Weaver an ERISA "beneficiary." ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a

---

[11]These factors are

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Penn,* 898 F.2d at 1102 (citing *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-52, 109 S.Ct. 2166, 2178-79, 104 L.Ed.2d 811 (1989)). The district court found that Weaver was an independent contractor in light of "Mr. Weaver's right to control the details of his work, provision of his own tools and means of transportation, the skill required of Mr. Weaver, the ability to hire his own assistants, the payment of his own Social Security and federal income tax, the method of payment, and the minimum benefits provided...."

benefit thereunder." 29 U.S.C. § 1002(8). The parties agree the Rodrigues plan did not designate Weaver as a beneficiary; therefore, Weaver is not a "beneficiary" within the meaning of ERISA.

The claims by a nonparticipant and nonbeneficiary to a plan do not affect the relationship between the traditional ERISA entities. Therefore, such claims are not preempted. *Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178, 186 (6th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993); *Madden v. Country Life Ins. Co.,* 835 F.Supp. 1081, 1087 (N.D.Ill.1993); *Kelly,* 814 F.Supp. at 230; *Sica v. Equitable Life Assurance Soc'y of the United States,* 756 F.Supp. 539, 540 (S.D.Fla.1990);[12] *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F.Supp. 564, 568 (E.D.Cal.1988) (*dicta*); *Pierce v. Capitol Life Ins. Co.,* 806 P.2d 388, 390 (Colo.Ct.App.1990); *Turnbow v. Pac. Mut. Life Ins. Co.,* 765 P.2d 1160, 1162 (Nev.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989); *but see Martin v. General Motors Corp.,* 753 F.Supp. 1347, 1355-58 (E.D.Mich.1991).

Employers cites a number of cases for the proposition that claims of breach of fiduciary duty, fraud, breach of duty of good faith, denial of benefits, misrepresentation, breach of contract, etc., are preempted by ERISA. Because these cases involve claims by plan "participants,"[13] "beneficiaries,"[14] or other parties entitled to standing under ERISA,[15] they are inapposite here, where the plaintiff is

---

[12]The court in *Sica* erroneously cited *Penn,* 898 F.2d at 1101, for the proposition that an independent contractor can maintain a claim for benefits under state common law. Upon inspection, we find that the *Penn* case does not stand for such a proposition, and thus we cannot rely upon it for authority.

[13]*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (participant); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990) (participant); *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th Cir.1990) (participants); *Ramirez v. Inter-Continental Hotels,* 890 F.2d 760 (5th Cir.1989) (participant); *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986) (participant).

[14]*Hansen v. Continental Ins. Co.,* 940 F.2d 971 (5th Cir.1991) (wife named as beneficiary); *Light v. Blue Cross & Blue Shield, Inc.,* 790 F.2d 1247 (5th Cir.1986) (participant and his wife, who was presumably a beneficiary).

[15]*Beaumont Neurological Hosp. v. Humana, Inc.,* 780 F.Supp. 1134 (E.D.Tex.1991) (assignee of claims of patients, who were presumably participants or beneficiaries). An assignee of a beneficiary has a derivative right of standing under ERISA. *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1289-90 (5th Cir.1988).

none of the above.

Our opinion in *Hermann Hospital* does not militate against this conclusion. We held that a hospital, an assignee of a beneficiary's rights under an ERISA plan, had standing to sue, even though the statute limits standing to plan participants, beneficiaries, fiduciaries, and the Secretary of Labor. *See* 29 U.S.C. § 1132(a). We also held that the assignee's claims were preempted by ERISA, reasoning as follows:

> The Supreme Court recently decided that state common law claims for tortious breach of contract, breach of fiduciary duty, and fraud in the inducement, brought by a beneficiary who alleged failure to pay benefits under an ERISA-governed plan were preempted by ERISA.... These cases are controlling, and the [plaintiff's] attempt to distinguish them on the grounds that it is not—as were the plaintiffs in those cases—an enumerated party under § 1132(a), is unconvincing and contradictory of its position as an assignee. Adopting [the plaintiff's] position would allow parties that lacked standing to sue under ERISA to circumvent its enforcement provisions by filing suit in state courts under state law. Arguably, they could thus obtain advantages *denied* to parties plaintiff enumerated under § 1132(a). This is an untenable result.

845 F.2d at 1290 (footnote and citations omitted).

Our opinion in *Hermann Hospital* could be read for the proposition that all claims against ERISA plans are preempted by ERISA even though the plaintiffs lack ERISA standing. We do not think the cited passage controls this case. First, the plaintiff in *Hermann Hospital* did have standing. *Id.* at 1289-90. Therefore, the cited passage is mere *dicta.* Second, because the plaintiff in *Hermann Hospital* stood in the shoes of a beneficiary (through an assignment of the beneficiary's claim), the plaintiff's claim implicated the relationship between the beneficiary and the ERISA plan.

By contrast, Weaver does not stand in the shoes of a beneficiary. His claim does not implicate the relationship of a beneficiary and the plan.

IV.

Because none of Weaver's claims was preempted by ERISA, the district court should have remanded all of the claims to state court without dismissing them. The judgment, accordingly, is REVERSED and REMANDED.