**Jimmy HARDY, et al., Plaintiffs,**

v.

**Bill FISHER, et al., Defendants.**

**No. 1:95–CV–343.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 6, 1995.

---

Steven C. Barkley, Beaumont, TX, for Jimmy Hardy and Jimmy Hardy Trucking Company, Inc.

Yasmin Islam, Jeff Joyce, Winstead Sechrest & Minick, Houston, TX, for Philadelphia American Life Insurance Company.

Ray Fisher, Austin, TX, for Bill Fisher and Fisher Resources Group.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

### BACKGROUND

Plaintiff, Jimmy Hardy (Hardy), is an employee and owner/operator of G.P. Bourrous Trucking Company (Bourrous). In March, 1992, Hardy purchased an insurance policy (the Policy) from Bill Fisher (Fisher) and the Fisher Resources Group. The Policy was written by Philadelphia American Life Insurance Company (PALICO) and provided medical and accidental death or dismemberment coverage for the employees and owner/operators of Bourrous.

Hardy alleges that Fisher informed him that the Policy would satisfy the employer coverage requirements of the Texas Workers' Compensation Act making recovery of Workers' Compensation benefits the sole remedy of any Bourrous employee. See Tex.Labor Code §§ 406, 408 (Vernon's 1995).

An employee of Bourrous, David Tunnel (Tunnel), was injured on the job and received benefits as prescribed in the Policy. Tunnel then brought a suit alleging that his injury stemmed from Bourrous's negligence. Tunnel's suit contends that the Policy does not meet the employer coverage requirements of the Texas Workers' Compensation Act and therefore Bourrous is subject to suit for injuries he sustained in his capacity as employee. See Tex.Labor Code § 406.033 (Vernon's 1995).

Hardy, as an owner of Bourrous, brought suit in state court against Fisher, Fisher's company and PALICO alleging that (1) Fisher's misrepresentations regarding the Policy violated the Texas Deceptive Trade Practices Act (DTPA) Section 17.50(b)1 and Article 21.21 of the Insurance Code; and (2) PALICO is vicariously liable as Fisher was acting as PALICO's agent at all times relevant to this action.

PALICO, maintaining that the Policy is a plan within the purview of the Employee

Retirement Income Security Act (ERISA), removed Hardy's suit to this court based on federal question jurisdiction. PALICO contends that both of Hardy's state law claims are preempted by ERISA. Accordingly, PALICO moves to dismiss.

Although the court finds that the Policy is a plan covered by ERISA, Plaintiffs' state law claims are not sufficiently related to the Policy to be preempted by ERISA. The court lacks jurisdiction and this action will be remanded.

## ANALYSIS

### Is This An ERISA Plan?

ERISA regulates to two types of employee benefit programs, pension plans and welfare plans. The Policy is either a welfare plan or it is not covered by ERISA. ERISA defines a "employee welfare benefit plan" as

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1).

■ In *Memorial Hosp. System v. North-brook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990), the Court of Appeals considered a plan strikingly similar to the one before the court; the Court determined that since the employer purchased and actively maintained an insurance policy for the benefit of its employees, the policy was a welfare benefit plan within the meaning of ERISA. *Memorial,*

904 F.2d at 241. The affidavit of Katzie Maple–Keen and a fair reading of the Policy combine to establish that (1) the Policy was purchased with the purpose of providing insurance to Bourrous employees and owner/operators; (2) Bourrous is responsible for remitting the premiums for the Policy; (3) Bourrous must verify all medical claims and give authorization before any payout is made.[1]

On these facts the court finds that Bourrous had the intent to provide its employees and owner/operators with a welfare benefit program through the purchase and maintenance of a group insurance policy. The Policy is an employee welfare benefit plan within the purview of ERISA.

### Preemption

The preemption clause in ERISA makes it clear that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a).

■ The Fifth Circuit has adopted a two-pronged test to determine whether a particular state claim is "related to" an employer benefit plan to such a degree that it is necessarily preempted by ERISA. A state law cause of action is barred by § 1144(a) if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[2] *Hubbard v. Blue Cross and Blue Shield,* 42 F.3d 942, 945 (5th Cir.1995) (citing *Weaver v. Employers Underwriters, Inc.,* 13

---

1. Bourrous's involvement in the administration of the Policy leads this court to conclude that this plan would not be excluded from the definition of an "employee welfare benefit plan" by the Department of Labor Regulations. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir.1991) *and* 29 C.F.R. 2510.3–1(j).

2. (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to re-

ceive a benefit of any type from any employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive such benefit.

> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(7)–(8).

F.3d 172, 176 (5th Cir.1995) and *Memorial,* 904 F.2d at 245).

■ Applying the test for whether an particular state claim is "related to" ERISA leads this court to the inescapable conclusion that neither of Plaintiffs' state claims are preempted.

The claims asserted by Plaintiffs in no way relate to a plan participant's or beneficiary's right to receive benefits under the Policy. The participant, Tunnel, was compensated and is not asserting any claim against the Policy or its fiduciaries. It is the employer, Hardy, who brings this action; his DTPA and Article 21.21 claims in no way resemble a claim for benefits by a participant or beneficiary.

Moreover, Plaintiffs' claims fail the second part of the test. It is undisputed that Plaintiffs do not assert these claims as beneficiaries or participants. They bring this suit as the employer and/or purchaser of the Policy. The Fifth Circuit has held that "[t]he claims by a nonparticipant and nonbeneficiary to a plan do not affect the relationship between the traditional ERISA entities. Therefore, such claims are not preempted." *Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 177 (5th Cir.1994) (citing cases).

An examination of the Congressional intent that spawned ERISA lends additional support to this court's finding that the claims *sub judice* are not subject to ERISA preemption. Congress enacted ERISA to promote the interests of employees and their beneficiaries in employee benefit plans. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 109 S.Ct. 948, 955, 103 L.Ed.2d 80 (1989). In return for greater protection for employees, ERISA preemption affords employers a uniform set of regulations governing plan fiduciary responsibilities and governing procedures for processing claims and paying benefits. *Memorial,* 904 F.2d at 245. Preemption of Plaintiffs' state law claims would not further either Congressional goal and remanding the case to state court will not impede the efficient administration of this, or any other, employee welfare benefit plan.

Defendants cite numerous cases standing for the proposition that state law misrepresentation and fraud claims are preempted by ERISA; the cases cited by Defendants are inapposite. Each case cited involves an action by an entity or individual that is either a participant/beneficiary[3] or assignee[4] of benefits due under an ERISA plan. As noted above, there is a fundamental difference between a state law claim brought by a plan beneficiary or participant and a claim brought by someone who is neither.

The one Court of Appeals case cited by Defendants' involving an employers suit against an insurer is easily distinguished from the case at hand. *Consolidated Beef Indus. v. New York Life Ins.,* 949 F.2d 960 (8th Cir.1991). In *Consolidated Beef,* the insurer, New York Life Insurance (NYL), sold the employer, Consolidated Beef (Consolidated), a turnkey 401(k) plan. Consolidated sued the insurer alleging a panoply of state law claims. Each of the claims, however, was directly related to NYL's (or a related entity's) faulty administration of the plan. The complaint's viability turned on whether Consolidated employees were receiving promised *benefits. Consolidated Beef,* 949 F.2d at 962–63. This court has already noted that when the central theme of a state law claim is a misrepresentation regarding the amount or type of benefits due or plan administration, ERISA preempts; the cause of action currently before the court is not such a claim. Hardy does not contend that the Policy paid Tunnel the wrong amount or that the plan has been mismanaged. In this court's opinion, *Consolidated Beef* is not controlling.

## CONCLUSION

In sum, this court finds that although the Policy is an "employee benefit welfare plan,"

**3.** *Rodriguez v. Pacificare of Texas, Inc.,* 980 F.2d 1014 (5th Cir.1993); *Hansen v. Continental Ins. Co.,* 940 F.2d 971 (5th Cir.1991); *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th Cir.1990); *Ramirez v. Inter–Continental Hotels,* 890 F.2d 760 (5th Cir.1989).

**4.** *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990).

Hardy's state law claims are not preempted by ERISA. Defendants' Motion to Dismiss is therefore denied. Having held that Hardy's claims do not "relate to" an ERISA plan, the court is without jurisdiction. Accordingly, this case is to be remanded to the court from which it was removed, the 1st Judicial District Court of Jasper County, Texas.

### ORDER

Before the court is Defendants' Motion to Dismiss. After considering the motion the court is of the opinion that it should be DENIED.

It is therefore

ORDERED that Defendants' Motion to Dismiss be DENIED; it is further

ORDERED that this case is to be RE-MANDED to the court from which it was removed, the 1st Judicial District Court of Jasper County, Texas.