IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50985
Summary Calendar
_____


ROBERT RUSSELL WALKER,

                                        Plaintiff-Appellant,

versus

ED RICHARDS, Sheriff, in His Official
and Individual Capacities,

                                        Defendant-Appellee.

_____

ROBERT RUSSELL WALKER,

                                        Plaintiff-Appellant,

versus

ED RICHARDS, Sheriff, et al.

                                        Defendants,



ED RICHARDS, Sheriff; ROBERT PHILLIPS;
JOHN DOE 11-13, 16-18; WILLIAM BOUSQUET,
Jail Administrator; ROBERT WEBSTER;
CLAYTON KLEEN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. A-97-CV-363-SS & A-97-CV-576-SS
--------------------
November 21, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert Russell Walker, Texas prisoner #841009, appeals the dismissal of two civil rights complaints, which were consolidated by the district court.

Walker argues that the district court erred in dismissing his complaint as to Defendants James and Patricia Cooper and John Does 1 and 2. He argues that those defendants interfered with his business and with his right to raise his child as he saw fit. As Walker did not raise these claims in the district court, there could be no error in the district court's failure to consider them. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).

Walker argues that the district court erred in dismissing his complaint as to Melinda Bozarth and John Does 3 and 4. By failing to address the basis for the district court's dismissal of those parties, Walker has abandoned any argument that the district court erred in doing so. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Walker argues that the district court erred in dismissing claims pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). His primary argument is that his claims involving interference with his business and his family life were not barred by Heck. However, Walker did not fairly raise those claims in the district court, and the court did not apply Heck to any such claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Despite his arguments on appeal, Walker also did not make any facial challenge to Texas parole procedures in the district court.  See Leverette, 183 F.3d at 342.  We reject Walker's argument that Heck is inapplicable to parole-revocation proceedings.  See Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).[1]

Walker argues that the district abused its discretion in failing to allow him to amend his complaint to state an Americans with Disabilities Act (ADA) claim.  Having reviewed the record, and especially Walker's repeated disregard for the timetables established by the district court for amendments, we conclude that no abuse of discretion occurred.  See Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981).[2]

Walker argues that the district court erred in dismissing his excessive-force claim against Appellees William Bousquet and Robert Webster.  We agree with Walker that the district court erred in holding that he had waived the claim.  The statement he made in the course of litigating the first of his two complaints did not apply to claims made in the second of his complaints.  However, we may affirm the district court's grant of summary

---

[1] As Appellee Phillips argues, Walker has not challenged the district court's dismissal of his claim against Phillips on the basis of Heck.  Accordingly, Walker has abandoned any such argument.  See Yohey, 985 F.2d at 225.

[2] Walker contends that the district court erred in dismissing the defendants in their official capacities pursuant to the Eleventh Amendment because an ADA claim would not have been so barred.  Because Walker has shown no error in the district court's failure to permit an ADA claim, this issue is moot.

judgment if there exists another adequate basis for doing so. Rodrique v. Western & S. Life Ins. Co., 948 F.2d 969, 971 (5th Cir. 1991). Such a basis exists here. Because Walker alleged no personal participation by Bousquet and Walker in the use of force, they were entitled to summary judgment. See, e.g., Murphy v. Kellar, 950 F.2d 290, 292 n.7 (5th Cir. 1992). We also agree with Appellees that Walker did not meet his burden of pointing to evidence of a genuine issue as to this issue. See Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).

Walker argues that the district court erred in granting the defendants summary judgment as to his retaliation and access-to-the-courts claims. Having reviewed the summary-judgment evidence closely, we conclude that Walker pointed to nothing from which a retaliatory intent by the defendants could plausibly be inferred. See Brady v. Houston Indep. Sch. Dist., 113 F.3d 1419, 1424 (5th Cir. 1997). Walker's access claim was properly dismissed because he alleged no actual prejudice by the defendants' conduct in areas which are protected by the right of access. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Johnson v. Rodriguez, 110 F.3d 299, 310-11 (5th Cir. 1997).

Walker's final argument is, again, that the district court abused its discretion in failing to permit him to amend or supplement his complaint. We have already rejected the argument that the district court abused its discretion in declining to give Walker yet another opportunity to add an ADA claim. Nothing in Walker's final argument convinces us that the district court

otherwise abused its discretion in refusing him additional chances to amend.

AFFIRMED.