# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-31134

Lyle W. Cayce
Clerk

MICHAEL KING, JR.,

Plaintiff–Appellant

v.

BLUECROSS BLUESHIELD OF ALABAMA; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, also known as BlueCross BlueShield of Louisiana,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-418

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Michael King, Jr. appeals the district court's summary judgment for Defendants–Appellees Bluecross Blueshield of Alabama and Bluecross Blueshield of Louisiana (collectively, "Blue Cross"), as well as the district court's denial of his Rule 59 motion for new trial. Substantively, this appeal asks whether ERISA can preempt state law claims brought by *former* employee health benefit plan participants and beneficiaries. Because our precedents clearly answer that question in the affirmative, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31134

**I**

King sued Blue Cross in Louisiana state court for damages related to his January 2009 hip replacement surgery. King's complaint alleged that he was covered under a Blue Cross health insurance policy in effect at the time of the surgery, and that Blue Cross wrongfully refused to pay his claims in violation of Louisiana law. *See* LA. REV. STAT. §§ 22:657, 22:1220. In the alternative, King also sued for detrimental reliance under La. Civ. Code art. 1967.

Specifically, King's complaint alleged that he was issued a Blue Cross policy in 2004 through his wife's employee health benefit plan, and that this policy remained "in full force and effect" at all times relevant to this case. King averred that he never cancelled the policy and that he never received any notice of a change in coverage. After consulting with his physician, King underwent hip replacement surgery in January 2009. King's complaint stated that he had conferred with Blue Cross representatives by phone and confirmed that his policy was in effect and would cover the surgery. King's treating physician, who performed the operation, similarly verified coverage under the policy. And, in addition, Baton Rouge General Hospital called Blue Cross on the day King's surgery was scheduled to take place, and it too verified that King was insured for 80% of the costs associated with the procedure. After King's surgery was complete, Blue Cross refused to pay his treating physician or Baton Rouge General Hospital on the ground that King's policy had been cancelled at some earlier date not specified in the complaint. King maintained that he would not have elected to undergo the procedure had it not been for Blue Cross's oral representations that his policy was in effect and would cover a portion of the related costs.

Blue Cross removed the lawsuit to federal district court based on federal question jurisdiction—the parties agreed that King's policy was an employee benefit plan regulated under the Employee Retirement Income Security Act of

No. 10-31134

1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Blue Cross then moved the district court to dismiss the suit under Fed. R. Civ. P. 12(b)(1), (2), or (6), or in the alternative, to grant it summary judgment ("the July 1, 2010 motion"). Blue Cross argued that ERISA preempted King's wrongful denial of coverage claims and, with help from a supporting affidavit, Blue Cross established that King had failed to exhaust his administrative remedies as required by ERISA.[1]

King did not submit a response to Blue Cross's July 1, 2010 motion.

On August 11, 2010, the district court granted Blue Cross's motion, noting that King had failed to file an opposition within 20 days as required by local rules. *See* M.D. La. LR 7.5M. The court alternatively found that Blue Cross's motion should be granted as a matter of fact and law, and the court dismissed King's suit with prejudice.

Nine days later, King moved for a new trial. *See* FED. R. CIV. P. 59. In his Rule 59 motion, King did not challenge Blue Cross's earlier contention that ERISA preempted his wrongful denial of coverage claim. Instead, King focused entirely on the district court's dismissal of the state detrimental reliance claim. King abandoned his denial of coverage claim and now agreed with Blue Cross that he was *not* covered by the policy when he underwent hip replacement surgery in January 2009. This waiver was tactical: King argued that because he was not covered as an employee health benefit plan participant or beneficiary in late 2008 and January 2009—when Blue Cross's oral misrepresentations allegedly occurred—Louisiana law provided an independent cause of action for detrimental reliance that was not preempted by ERISA. This is because, King argued, ERISA preemption is explicitly limited to claims brought by qualifying plan "participants" and "beneficiaries." *See* 29 U.S.C. § 1132(a)(1).

---

[1] The Blue Cross policy had an administrative review process that required King to timely submit his claims and appeals internally before filing any lawsuit. King never filed an administrative claim or appeal from the denial of his benefits.

3

No. 10-31134

Blue Cross opposed the Rule 59 motion on several grounds, arguing, in pertinent part, that King's state detrimental reliance claim failed because (1) it "relates to" an employee health benefit plan, and (2) because ERISA precludes oral modifications to such plans.

The district court denied King's motion for new trial, summarily finding that his Louisiana state detrimental reliance claim was preempted by ERISA in fact and law. This appeal followed.

## II

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011). A trial judge's ruling on a Rule 59 motion for new trial is reviewed for an abuse of discretion. *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996). "This standard of review is somewhat narrower when a new trial is denied and somewhat broader when a new trial is granted." *Bailey v. Daniel*, 967 F.2d 178, 179–80 (5th Cir. 1992). "We review the district court's legal determination that ERISA preempts a state law claim *de novo*." *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).

## III

The question before us is whether King's state claim for detrimental reliance falls outside the scope of ERISA's preemption clause because King was not an employee health benefit plan "beneficiary" at the time of the alleged oral misrepresentations.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To that end, § 514(a) of ERISA, 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." The Supreme Court has characterized this preemption provision as "broadly worded," "clearly expansive," and "conspicuous

for its breadth," among other things.  *See Cal. Div. of Labor Stds. Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997) (citations omitted).  And, in keeping with this broad construction, the Court has noted that a state law "relates to" a covered employee benefit plan for purposes of § 1144(a) "if it has a connection or reference to the plan."  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

In light of ERISA's statutory objectives, we apply a two-prong test to determine whether any given state law "relates to" an employee health benefit plan for ERISA-preemption purposes.  *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).  We consider "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries."  *Woods v. Tex Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006).

Here, the gravamen of King's argument is that because he was not an ERISA-plan "beneficiary" at the time of Blue Cross's oral misrepresentations, his state detrimental reliance claim cannot "relate to" an employee health benefit plan (i.e., the claim could not be preempted by ERISA).  This is so, King argues, because ERISA preemption is explicitly limited to claims brought by qualifying plan "participants" and "beneficiaries."  *See* 29 U.S.C. § 1132(a)(1).  We have previously considered and rejected similar arguments by *former* (and *potential*) ERISA-plan participants and beneficiaries.  *See, e.g., Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755 (5th Cir. 1990) (state law claims of former beneficiaries for misrepresentation of plan benefits were preempted); *Cefalu v. B.F. Goodrich*, 871 F.2d 1290, 1294 (5th Cir. 1989) (state law claims of potential plan participant for misrepresentation of pension benefits were preempted); *see also Hall v. Newmarket Corp.*, 747 F. Supp. 2d 711, 716–18 (S.D. Miss. 2010)

(surveying district court cases and finding former plan participant's claims for promissory estoppel, among other state causes of action, were preempted by ERISA). The parties are familiar with these cases and we need not discuss them at length, other than to note that this court has already determined that ERISA can preempt state claims brought by former plan participants and beneficiaries where those claims "relate to" a qualifying employee benefit plan. Such is the case here. For the reasons described in *Lee* and *Cefalu*, we find that King's state detrimental reliance claim relates to a qualifying employee health benefit plan and is preempted by ERISA.

King's reliance on *Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172 (5th Cir. 1994), is understandable, but ultimately mistaken. In *Weaver*, we considered an independent contractor's various claims, grounded in Texas law, and found that since he was not an employee, he was not a plan participant or beneficiary; thus, his claims could not be preempted by ERISA. *Id.* at 176–77. The distinction drawn in *Weaver*—between independent contractors and employees—is subtle, but considerable. *Weaver* unequivocally sets apart those cases in which this court has found state law claims from former and potential plan participants and beneficiaries are preempted by ERISA, from those cases in which claimants who were never classified (and were incapable of being classified) as plan participants or beneficiaries were able to assert similar claims unencumbered by ERISA's preemption provision. Here, there is no question that King was a plan beneficiary at one time. Accordingly, this case is governed by *Lee*, not *Weaver*.

It is quite likely that even if King had filed a timely administrative claim or appeal based on Blue Cross's oral representations, any such claim would have been denied outright. This is because ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1); *see also Degan v. Ford Motor Co.*, 869 F.2d

No. 10-31134

889, 895 (5th Cir. 1989) ("ERISA precludes oral modifications to benefit plans . . . ."). This court has observed that ERISA's writing requirement "protects [a] plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to such under the express terms of the plan." *Cefalu*, 871 F.2d at 1296 (citations omitted). We reiterated this principle in *Rodrigue v. W. & S. Life Ins. Co.*, 948 F.2d 969 (5th Cir. 1991), on facts strikingly similar to this case.

In *Rodrigue*, the district court granted summary judgment for the employee health benefit plan after finding that the plaintiff's state law claims were preempted by ERISA. 948 F.2d at 970. We affirmed. In doing so we observed that holding an employee benefit plan liable for claims by individuals who were not otherwise entitled to benefits, based solely on an oral agreement, would threaten the stability of the plan. *Id.* at 971–72. Here, it is likely that even if King had filed a timely administrative claim under ERISA seeking redress for Blue Cross's oral misrepresentations, that claim would have been denied outright. But that lack of a remedy does not take King's state claim outside the scope of ERISA's preemption clause. Instead, *Rodrigue*, *Cefalu*, and *Degan* underscore why ERISA preemption applies here—allowing King's state claims to go forward could undermine the stability of the employee benefit plan at issue and encroach upon the plan fiduciaries' management of plan assets.

## IV

The district court's summary judgment for Blue Cross, and the court's denial of King's motion for new trial, are AFFIRMED.